UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TONYA R. POWELL
                             **Plaintiff,**

-against-                                         3: 04-CV-1192

MAYOR RICHARD BUCCI, in his official
capacity; POLICE CHIEF JOHN BUTLER,
in his official capacity; and OFFICER
MICHAEL CHALSON, in his official
capacity and individually,

                             **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

Plaintiff Tonya Powell commenced this action *pro se* alleging that Defendant Michael Chalson, a City of Binghamton Police Officer, pulled her over and issued her traffic tickets because of her race and without probable cause, thereby violating her constitutional and federally protected rights. Plaintiff further alleges that the City of Binghamton has an unconstitutional policy, practice or custom of targeting racial minorities in traffic stops. Previously, the Court dismissed all of Plaintiff's claims with the exception of her claim asserting unconstitutional selective enforcement of the traffic laws in violation of the Equal Protection Clause of the Fourteenth Amendment. See 7/21/06 Dec. & Ord. [dkt. # 51]. In denying that portion of Defendants' prior motion seeking summary judgment

1

on Plaintiff's Fourteenth Amendment selective enforcement claim, the Court granted Defendants leave to file a second summary judgment motion following additional discovery. Id. at p. 17. That second summary judgment motion is now before the Court. See Second Mot. for Sum. J. [dkt. # 54]. Plaintiff has failed to oppose the motion or otherwise respond.

## II. DISCUSSION

In addressing that portion of Defendants' prior motion seeking summary judgment on Plaintiff's selective enforcement claim, the Court wrote:

> In Count 2, Plaintiff asserts that she was stopped on August 13, 2004 on account of her race in violation of her rights secured by the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). The Second Circuit has recognized that most claims brought under the Equal Protection Clause on the basis of racial discrimination fall into one of two categories. Henry v. Daytop Village Inc., 42 F.3d 89, 95 (2d Cir. 1994)(citing Yusuf v. Vassar College, 35 F.3d 709 (2d Cir. 1994). In the first category are claims in which a plaintiff asserts that she was innocent of wrongdoing but has nonetheless been the subject of some wrongful action (arrest, termination or employment, disciplinary proceeding, etc.) because of race. Id. In the second category are claims by a plaintiff asserting that regardless of her guilt or innocence, certain laws or penalties were applied to her because of her membership in a group whereas they were not applied to others similarly situated individuals who are outside her group. Id. Because there is no doubt that Plaintiff was guilty of wrongdoing at the time she was stopped by Officer Chalson on August 13, 2004, Plaintiff must necessarily proceed on the selective enforcement theory. See id. at 96 ("Whether or not [the plaintiff] was actually guilty of any misconduct has no bearing on the resolution of this disparate treatment claim.").
>
> To establish her Fourteenth Amendment claim for selective enforcement, Plaintiff must prove: (1) that similarly situated individuals of a different race were not prosecuted for driving obviously unregistered vehicles (thus creating a discriminatory effect in enforcement), and (2) that such selective treatment was based on the impermissible considerations of race or national origin. United States v. Armstrong, 517 U.S. 456, 465 (1996); Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 16 (2d Cir. 1999); Yajure v.

> DiMarzo, 130 F. Supp.2d 568, 572 (S.D.N.Y. 2001);  see also Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994) ("it is axiomatic that a plaintiff [bringing a selective enforcement claim under § 1983 ] must allege that similarly situated persons have been treated differently").
>
> Defendants assert that they are entitled to summary judgment on this claim because Plaintiff has failed to demonstrate the existence of any similarly situated individuals of another race against whom the laws were applied differently.  Defs. Mem. of Law at p. 14.  Plaintiff counters that it has been difficult to find such individuals and that she has been unable to obtain any records from the police regarding traffic stops.  Pl. Mem. of Law at p. 12. The Court is mindful that it ordered only limited discovery in this case to establish "the basis for Plaintiff's August 13, 2004 traffic stop and any convictions" arising therefrom.   Nov. 30, 2005 Decision & Order at p. 12. Therefore, the Court concludes that it would be improper to decide this portion of the motion without affording Plaintiff proper discovery. Accordingly, summary judgment for Defendants on the selective enforcement claim would be inappropriate at this time.  Because the record is not sufficiently developed to determine whether or not a constitutional violation occurred, Officer Chalson's motion for summary judgment on the grounds of qualified immunity is also premature. Saucier v. Katz, 533 U.S. 194, 201 (2001); Poe v. Leonard, 282 F.3d 123, 132 (2d Cir. 2002);  Loria v. Gorman, 306 F.3d 1271, 1281 (2d Cir. 2002) .  Defendants will be afforded an opportunity to again move for summary judgment on this claim after a second round of discovery is conducted.

7/21/06 Dec. & Ord. pp. 15-17.

Now that discovery has been completed, Defendants again assert that Plaintiff's claim of unconstitutional selective enforcement fails because she is unable to identify any similarly situated individual of a different race who was not prosecuted for driving an unregistered vehicle once stopped,  or who was treated more favorably than she was in a similar situation.  Defendants' uncontested and supported facts establish that: (1)  Officer Chalson stopped and ticketed Plaintiff on August 13, 2004 because she was driving an obviously unregistered vehicle, Def. Local Rule 7.1(a)(3) Statement of Material Facts, ¶¶ 3-9; (2) Officer Chalson treated Plaintiff better than other individuals he has ticketed for

3

driving unregistered vehicles without a license; id. ¶¶ 18-20;[1] and (3) Plaintiff is unable to provide admissible evidence identifying a similarly situated individual of a different race who was not prosecuted for driving an unregistered vehicle when stopped by Chalson or the Binghamton Police or treated more harshly than she was treated. See id. ¶¶ 21 - 35 (citing Plaintiff's deposition testimony where she was questioned about the evidence she intends to present at trial to support her claim of race-based disparate treatment).

Rather, Plaintiff's theory of selective enforcement is based upon speculation, conjecture, surmise, and bald conclusory allegations. Id. ¶¶ 21 - 35.  This is insufficient to withstand Defendants' properly supported motion for summary judgment. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (a party opposing a properly supported motion for summary judgment may not rest upon conclusory allegations or unsubstantiated speculation); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir.  1994)(a party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in her pleadings);  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991)(The nonmoving party cannot defeat a properly supported summary judgment motion by a factual argument based on "conjecture or surmise."); Govan v. Campbell, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003)(a plaintiff may not create a question of fact by simply making vague, conclusory allegations or broad denials).

---

[1] As the Court found in the July 21, 2006 Decision and Order, the facts established that after Plaintiff was stopped, Officer Chalson determined through a computer check that her vehicle was unregistered and uninsured, and that Plaintiff's driving privileges had been suspended. 7/21/06 Dec. & Ord., p. 5.  Chalson issued Plaintiff three traffic tickets - one for operating an unregistered vehicle, one for operating an uninsured vehicle, and one for unlicensed operation of a vehicle. Id.  Plaintiff was found guilty of all three traffic charges, and, although she appealed her convictions, none were vacated or reversed and all three convictions are now final. Id.  In support of the present motion, Defendants supply Officer Chalson's deposition transcript during which he testified that Department policy requires vehicles to be towed away if the driver is unlicensed or when there is a lack of insurance, but that he allowed Plaintiff to drive two blocks to her home because she was upset. See  Def. Local Rule 7.1(a)(3) Statement of Material Facts, ¶¶ 18-20.

4

**III.  CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment dismissing Plaintiff's Fourteenth Amendment selective enforcement claim is **GRANTED** and the claim is **DISMISSED**. The Clerk of the Court is directed to close the file in this matter.

**IT IS SO ORDERED**.

DATED: July 10, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge